## TRENTON POTTERIES CO. v. TITLE GUARANTEE & TRUST CO.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

APPEAL—FINDINGS—EVIDENCE—SUFFICIENCY

　　Findings not contrary to or against the weight of the evidence will not be disturbed on appeal.

Appeal from special term, New York county.

Suit by the Trenton Potteries Company against the Title Guarantee & Trust Company. From a judgment in favor of defendant, complainant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Howard R. Bane, for appellant.
John L. Cadwalader, for respondent.

McLAUGHLIN, J. On the 24th of April, 1893, the defendant issued its policy of title insurance to the plaintiff, whereby it insured the plaintiff against all loss or damage; not exceeding $400,-000, which it "shall sustain by reason of any defect or defects of title affecting the premises described in Schedule A, hereto annexed, or affecting the interest of the insured therein, * * * or by reason of liens or incumbrances charging the same at the date of this policy." Schedule A, referred to, specified five deeds of conveyance to the plaintiff, four of which were dated June 16, 1892, and recorded on the 8th of July of the same year, and the other

dated April 17, 1893, and recorded on the 24th of April, 1893,—the day on which defendant's policy was written. When the policy of insurance was delivered there was a lien by reason of an assessment made for local improvements by the city of Trenton upon one of the pieces of property, the title to which had been passed the preceding July. This assessment had ripened into and become a valid lien on or about October 12, 1892; and this action was brought to recover the amount which the plaintiff was obliged to pay by reason thereof, upon the ground that the defendant was obligated to pay the same under the terms of its policy. The defendant denied its liability, and alleged, in substance, that a proper construction of the policy only rendered it liable to pay by reason of defects in the title up to the time the same was accepted by the plaintiff, and when it went into possession. It also alleged that there was a mutual mistake between the parties, in that the policy did not correctly state the agreement between them in this respect, and asked that the policy be reformed so as to conform to their mutual understanding. There have been two trials. Upon the first the complaint was dismissed, but on appeal the judgment was reversed (50 App. Div. 490, 64 N. Y. Supp. 116); the court holding that, if it were the intention of the parties that the guaranty of the defendant against incumbrances should only run to the time of the delivery and acceptance of the various deeds, the trial court should have considered the evidence offered as to a mutual mistake, and, if such mutual mistake had been proved, the policy should have been reformed by the insertion of a proper provision therein to that effect. Upon the second trial this course was pursued, and the evidence offered by the respective parties bearing upon the question of a mutual mistake was considered; and after such consideration the policy was reformed so as to express, according to the findings of the trial court, the intent of the parties as contended by the defendant, after which the complaint was dismissed. From the judgment thereafter entered, plaintiff has appealed.

We are of the opinion that the court properly found that there was a mutual mistake between the parties, and reformed the contract of insurance accordingly. There was substantially no dispute as to the material facts involved. When the plaintiff first contemplated purchasing the different pieces of real estate subsequently covered by the policy of insurance, it applied to the defendant to search the titles, and issue a policy guarantying them. In pursuance of this application, the defendant, for a specified consideration, agreed to, and thereafter did, search the title to all of the pieces of real estate, and issued its policy of insurance, guarantying that the titles were good. It completed its agreement, so far as four of the pieces of real estate were concerned, in July, 1892, when the parties met, and the plaintiff accepted deeds of conveyance to these four pieces, and then went into possession of them. When these conveyances were accepted, a discussion was had between the parties as to whether it would then take a policy on the four pieces, or whether it would wait until the title to the fifth piece had been acquired, which necessitated further time, on account of

legal proceedings being necessary to acquire the interest of certain infants; and, after such discussion, it was finally agreed, as a matter of convenience, that the plaintiff would wait until the title to the fifth piece had been acquired, when a single policy could be issued, guarantying title to the five pieces. The discussion which took place in the office of Carter & Ledyard at the time the plaintiff accepted title to the four pieces, in July, when taken in connection with the other evidence in the case, is sufficient to sustain the finding made by the trial court to the effect that it was the intention of the parties, when the policy was issued, to insure the title only to the time when the respective deeds were delivered, and possession taken. The finding is not contrary to, nor can it be said to be against, the weight of evidence, and for that reason we are not justified in reversing the judgment entered thereon. Carey v. Smith, 5 App. Div. 505, 38 N. Y. Supp. 1079. Taking into consideration all of the evidence bearing upon the subject, it seems clear to us that the real intention of the parties to the contract was to render the defendant liable only to the time when title was taken by the plaintiff, manifested by its acceptance of the same by going into possession of the real estate conveyed. When this was done, then the sole object and purpose of the contract, so far as such pieces of real estate were concerned, had been accomplished. The vendor could not thereafter impair the title in any way, nor could the same be impaired other than by some act of omission or commission by the plaintiff itself. Under the facts, therefore, the court properly reformed the contract so that it expressed what the parties intended it should express when the same was made. Consolidated Electric Storage Co. v. Atlantic Trust Co., 24 App. Div. 172, 48 N. Y. Supp. 1083. If we are correct in this conclusion, then it necessarily follows that the trial court was right in dismissing the complaint because the assessment referred to therein did not become a valid lien until several months after the plaintiff had accepted a deed of conveyance, and gone into possession of the land upon which the assessment was made.

The judgment appealed from, therefore, must be affirmed, with costs. All concur.